UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

UNITED STATES OF AMERICA,　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　Plaintiff,　　　　　)　　　No. 3:05-CR-146
V.　　　　　　　　　　　　　　　　　　)　　　(PHILLIPS/SHIRLEY)
　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
ROBERT ANTOINE TRUSS,　　　　　　　)
MICHAEL DEWAYNE DILLARD, and　　　)
JASMINE DESREKA CROWLEY,　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　Defendants.　　　　　)

## MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28

U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District

Court as may be appropriate. This matter came before the Court on February 21, 2006, for a

scheduled pretrial conference and motion hearing. Assistant United States Attorney Steve Cook was

present representing the government. Attorney Ursula Bailey was present representing Defendant

Truss, Attorney Dennis Francis was present representing Defendant Dillard, and Attorney Stephen

Johnson was present representing Defendant Crowley. Defendants Truss and Dillard were present

as well. Defendant Crowley received permission to miss the hearing because Defendant Crowley

has a signed plea agreement.

At the hearing, the Court took up the following pending motions:

(1) Withdrawal of motions as to Defendant Crowley [Docs. 35, 37,
50, 57, 58, 60, 62, 64, 66, 67];

(2) Defendant Truss' Motion To Adopt Pleadings Of Co-
Defendant [Doc. 69], filed on February 2, 2006;

1

(3) Defendant Dillard's Motion To Adopt Pleadings Of Co-Defendants [Doc. 71], filed on February 2, 2006;

(4) Defendant Truss' Motion For Additional Detention Hearing [Doc. 70], filed on February 2, 2006;

(5) Defendant Truss' Motion For On The Record Findings Pursuant to Rules 403 and 404 [Doc. 39], filed January 31, 2006;

(6) Defendant Truss' Motion For Notice By The Government Pursuant To Rule 12(d)(2) Of Its Intention To Use Evidence Arguably Subject To Suppression [Doc. 40], filed January 31, 2006;

(7) Defendant Truss' Motion For 30-Day Pretrial Notice of Government's Intention To Use 404(b)-Type Evidence [Doc. 41], filed January 31, 2006;

(8) Defendant Truss' Motion For Pretrial Notice of FRE Rule 608 Evidence Of Character Or Conduct The Government Intends To Offer Or FRE 609 Impeachment Evidence [Doc. 42], filed January 31, 2006;

(9) Defendant Truss' Motion For Notice of Government's Intention To Use Residual Hearsay Exceptions Pursuant to Rule 807 [Doc. 43], filed January 31, 2006;

(10) Defendant Truss' Motion For Bill of Particulars [Doc. 44], filed January 31, 2006;

(11) Defendant Truss' Specific Brady Request No. 1 [Doc. 45], filed January 31, 2006;

(12) Defendant Truss' Motion For All Agents, Officers And Employees To Disclose and Provide Evidence In Their Possession, Custody Or Control To The Prosecuting Attorney [Doc. 46], filed January 31, 2006;

(13) Defendant Truss' Motion For The Automatic And/Or Early Production Of Jencks/Rule 26.2 Statements [Doc. 47], filed January 31, 2006;

(14) Defendant Truss' Motion For Disclosure Of Jury Instructions And Rulings On Request [Doc. 48], filed January 31, 2006;

2

(15)  Defendant Truss' Motion For Pretrial Production Of Statements Of Individuals Not To Be Called As Witnesses [Doc. 49], filed January 31, 2006;

(16)  Defendant Truss' Motion To Preserve Evidence And For Independent Testing [Doc. 51], filed January 31, 2006;

(17)  Defendant Truss' Motion For Government's Agents, Officers And Attorneys To Retain Rough Notes [Doc. 53], filed January 31, 2006;

(18)  Defendant Truss' Motion For Leave To File Additional Motions [Doc. 55], filed January 31, 2006; and

(19)  Defendant Truss' oral motion for a continuance of the trial.

## I.  ANALYSIS

The Court will endeavor to address the defendants' motions largely in the order that the parties elected to present their arguments at the motion hearing.

## A.  DEFENDANT CROWLEY'S MOTIONS

Defendant Crowley has filed ten motions [Docs. 35, 37, 50, 57, 58, 60, 62, 64, 66, 67] on various discovery, conspiracy and exculpatory evidence issues.  At the February 21 hearing, counsel for Crowley stated that the defendant had a signed plea agreement and had scheduled a change of plea.  Counsel moved to withdraw the defendant's motions.  The Court finds that the defendant entered a change of plea in this case on February 22, 2006.  Accordingly, the defendant's ten pending motions [**Docs. 35, 37, 50, 57, 58, 60, 62, 64, 66, 67**] are **DENIED as moot** as to **Defendant Crowley** only.

## B.  ADOPT PLEADINGS OF CO-DEFENDANTS

3

On February 2, 2006, Defendant Truss and Defendant Dillard filed general motions [Docs. 69 and 71] asking the Court to allow them to adopt the pleadings filed by co-defendants "as they relate to the conspiracy, discovery and the exclusion of his statement." Initially, the Court notes that the appropriate practice is for the moving party to specify the motions they seek to adopt. In other words, there is no blanket "opt-in" practice. However, since Defendant Truss and Defendant Dillard did not specify the motions they seek to adopt, these defendants will be deemed to have adopted all the parties' motions. Therefore, a ruling on one motion will be a ruling as to all parties. As such, the Court will expect the parties to be prepared to argue any motion they have adopted, even if the party who filed the motion is no longer pursuing that motion, unless the parties amend their motions to list the specific motions of co-defendants they seek to adopt. The government has filed no response to the defendants' requests [Doc. 69 and 71] to adopt. The Court has reviewed these motions, and the defendants' requests [**Doc. 69 and 71**] to adopt these motions is **GRANTED**.

### C.  ADDITIONAL DETENTION HEARING

Defendant Truss moves [Doc. 70] the Court for an additional Detention Hearing. He contends that new information has come to light after the Court ordered [Doc. 18] that he be detained pending trial on March 6, 2006, following a January 5, 2006 detention hearing. Specifically, the defendant avers that there is evidence that supports his pretrial release contained in the discovery supplied by the government. The government responds [Doc. 75] that while the defendant avers there is new evidence to support his release, he has not provided that information and therefore the standard set forth in Section 3142(f) has not been met. At the February 21 hearing, counsel for Defendant Dillard stated that the defendant did not seek to adopt this motion.

4

The Bail Reform Act provides for the reopening of a detention hearing where the judicial officer finds that "information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue of whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f); see United States v. Wisman, 103 F.3d 131, 1996 WL 683755, *1 (6th Cir. 1996). The Court finds that, at the February 21 hearing, while defense counsel proffered that she had additional information that was not known to the defendant at the time of the detention hearing, counsel did not specify what that evidence was or how it was material to the defendant's release. Because the defendant has not provided, either by motion or by proffer, any information, pursuant to 18 U.S.C. § 3142(f), that would enable the Court to make the requisite findings to reopen a hearing, the defendant's Motion For Additional Hearing [**Doc. 70**] is **DENIED**.


### D. RULE 404(b)-TYPE EVIDENCE

Defendant Truss asks [Doc. 39] the Court to exclude from trial any Rule 404(b) evidence of other wrongs, crimes or acts until an on-the-record determination is made by the trial court. The defendant contends that: "Rule 404(b) of the Federal Rules of Evidence provides that evidence of other wrongs, crimes or acts is not admissible unless it meets specific and narrowly defined requirements and unless its probative value outweighs the danger of unfair prejudice, confusion of the issues, or misleading the jury."

5

The government responds [Doc. 75] that Rule 404(b) is "actually a rule of inclusion rather than exclusion" and that evidence may be excluded "only where the probative value of the relevant evidence is *substantially* outweighed by the danger of unfair prejudice." It contends that the defendant has improperly attempted to seek to be relieved of an obligation to identify and timely object to evidence which the defendant believes is inadmissible.

As both parties acknowledge in their respective pleadings [Doc. 39 and 75], "in the [Sixth] Circuit when the defense *objects* to the admissibility of evidence of other wrongs, crimes or acts the trial court should conduct a balancing determination on the record before admitting the evidence." United States v. Acosta-Cavares, 878 F.2d 945, 950 (6th Cir. 1989). The present case is set for trial before District Court Judge Thomas Phillips, and thus, any on the record findings made pursuant to Rules 403 and 404 is a matter to be taken up at trial and in the context of the evidence admitted. Accordingly, the defendant's Motion For On The Record Findings Pursuant to 403 and 404 [**Doc. 39**] **is DENIED**.

Defendant Truss also asks [Doc. 41] the Court to order the government to provide thirty (30) day notice prior to trial of any evidence sought to be introduced against the Defendant under Rule 404(b), Fed. R. Evid. The government responds [Doc. 41] that it intends to comply with the Court's Order on Discovery and Scheduling [Doc. 9], which directs that it give seven (7) calendar days pretrial notice of Rule 404(b) evidence that it intends to use at trial.

Rule 404(b) provides that upon the defendant's request, the government "shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice for good cause shown, of the general nature of any such evidence it intends to introduce at trial." Fed. R. Evid. 404(b). This Court's Order on Discovery and Scheduling [Doc. 9, para. I] states that

6

"reasonable notice" under Rule 404(b) is deemed to be seven calendar days before trial unless the Court notes otherwise. At the February 21 hearing in this case, defense counsel gave no compelling need for an earlier disclosure, and the Court finds no reason to disturb the seven-day time frame provided in the Order on Discovery and Scheduling. Accordingly, the defendant's Motion for Notice of Any Rule 404(b) Evidence the Government Seeks to Introduce at Trial [**Doc. 41**] **is DENIED** in light of the fact that the Order on Scheduling and Discovery already adequately provides for pretrial notice of the government's intention to introduce 404(b) evidence.

### E. RULE 12(b)(4) EVIDENCE

Defendant Truss asks [Doc. 40] the Court to order the government "to make inquiry and to serve and file specific written notice and designations" under Rule 12(d)(2) of the Federal Rules of Criminal Procedure. The defendant contends that the Rule 12(d)(2) motion calls upon the government to advise the defendant of evidence which may arguably be subject to challenge or suppression. Furthermore, the defendant contends that specific identification of Rule 12(d)(2) evidence is essential to enable counsel to prepare effectively, to conserve judicial time and resources, and if appropriate, to afford an opportunity to move to suppress.

The government responds [Doc. 75] by first noting that Rule 12(d)(2) was modified and moved in 2002 to Rule 12(b)(4). The government states that the clear purpose of Rule 12(b)(4) is to obviate the need for unnecessary suppression hearings. It contends that the rule requires it (upon the defendant's request) to state its intention to use any evidence that the defendant may be entitled to discover under Rule 16. The government notes that the discovery in this case is not

7

voluminous, and furthermore expressly states that the government intends to use all the evidence provided during discovery in its case-in-chief.

At the February 21 hearing, the defendant argued that while the government has provided the defendant with a copy of the search warrant, it has not provided an inventory of the property seized. The government objected to having to give the defendant a copy of the inventory and stated that while it was not required to give the defendant a copy of the search warrant, it had provided a copy as a matter of courtesy. The government further reiterated that the defendant already has all the evidence it intends to use in its case-in-chief.

Rule 12(b)(4)(B) (formerly, Rule 12(d)) requires the government upon request of the defendant to give notice to the defendant of the government's intent to use certain evidence at trial. The rule is limited in scope. By its own terms, it is limited to evidence the defendant would be entitled to discover under Rule 16, Federal Rules of Criminal Procedure. It also explicitly limits disclosure to evidence the government intends to use in its case-in-chief. Furthermore, this "provision contemplates motions filed in preparation for actual or potential motions to suppress evidence." United States v. Lanier, 578 F.2d 1246, 1254 (8th Cir. 1978). Rule 12(b)(4)(B) is not designed nor intended to be used to obtain more specific discovery than that provided by Rule 16. Rather, Rule 12(b)(4)(B) is intended to facilitate the making of pretrial suppression motions by allowing the defendant to avoid filing a motion to suppress when the government does not intend to use the evidence.

In this case, counsel for the government has indicated that it has in fact provided all discovery required by Rule 16, and furthermore, stated that it intends to use all of the evidence provided during discovery in its case-in-chief. For these and the above mentioned reasons, the Court

8

finds that the defendant has received the evidence sought, except perhaps the search warrant inventory. As to the inventory, the government is to provide this to the defendant.

Accordingly, the defendant's Motion For Notice By The Government Pursuant to Rule 12(d)(2) Of Its Intention To Use Evidence Arguably Subject To Suppression [**Doc. 40**] **is DENIED as moot** in light of the fact that the government has given notice of its intention to use all the evidence provided during discovery in its case-in-chief.


## F. NOTICE of FRE 608, 609 and 807

Defendant Truss moves [Doc. 42] the Court, pursuant to Rule 12(d)(2) of the Federal Rules of Criminal Procedure, to order the government to provide notice of its intent to use F.R.E. Rule 608 or 609 evidence in this case. He contends that pretrial notice of this evidence is necessary in order for him to be prepared to exclude and or defend against it. He also requests a pretrial, jury-out hearing on the admissibility of this evidence. The government responds [75] that Rules 608 and 609 are rules of evidence, not discovery rules, and that Rule 12(d)(2) or Rule 12(b)(4) add nothing. Furthermore, it stated that it does not have a witness list from the defendant.

The defendant seeks notice of the government's intention to use evidence under Rule 12 of the Federal Rules of Criminal Procedure, which provides

> At the arraignment or as soon afterward as practicable, the defendant may, in order to have an opportunity to move to suppress evidence under Rule 12(b)(3)(C), request notice of the government's intent to use (in its evidence-in-chief at trial) any evidence that the defendant may be entitled to discover under Rule 16.

Fed. R. Crim. P. 12(b)(4)(B); <u>see also</u> Tenn. R. Crim. P. 12(d)(2) (corresponding state rule referenced by the defendant). The Court notes that in its Order on Discovery and Scheduling [Doc. 9, paras. A-B], it has already ordered the government to provide the defendant with the discovery to which he is entitled pursuant to Rule 16. Specifically, the Court has ordered [Doc. 9, para. A(2)] the government to give the defendant a copy of his arrest and conviction record. While Rule 16 directs the government to provide the defendant with a copy of his prior criminal record upon his request, it does not require the government to reveal whether it intends to use any prior convictions to impeach the defendant at trial. <u>See</u> Fed. R. Crim. P. 16(a)(1)(D).

Rule 608, Fed. R. Evid.[1], permits a party to challenge the credibility of a witness by introducing evidence of the witness's reputation for truthfulness or untruthfulness. Rule 609, Fed. R. Evid., outlines the circumstances under which a witness may be impeached by evidence of a criminal conviction. Neither of these rules requires the government to give pretrial notice that it intends to use this type of evidence, except that it must give notice of an intent to use a conviction that is over ten years old. <u>See</u> Fed. R. Evid. 608, 609(b).

Furthermore, the Court questions the practical applicability of Rule 12(b)(4) to require notice of evidence under these rules, especially Rule 609, as they deal with impeachment evidence and Rule 12(b)(4) applies to evidence to be used in the government's case-in-chief.

---

[1]"[E]vidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked by opinion or reputation evidence or otherwise." Fed. R. Evid. 608(a). The rule does not permit the parties to introduce extrinsic evidence, other than a criminal conviction pursuant to Rule 609, to prove specific instances of conduct for truthfulness. Fed. R. Evid. 608(b). A court has discretion to permit cross-examination of a witness about specific instances of conduct probative of truthfulness or untruthfulness if the questioning relates to the witness's character for truthfulness or untruthfulness or to the truthful or untruthful character of another witness about whom the testifying witness has testified. Fed. R. Evid. 608(b).

Nevertheless, the Court recognizes that the "credibility of a witness may be attacked by any party, including the party calling the witness." Fed. R. Evid. 607. More importantly, the express purpose of the government's notice under Rule 12(b)(4) is to allow the defendant an opportunity to file a motion to suppress the evidence before trial under Rule 12(B)(3). Fed. R. Crim. P. 12(b)(4)(A)-(B). The defendant seeks notice of this evidence in order to attempt "to exclude" it, presumably by arguing that it is inadmissible because it fails to meet the requirements of Rules 608 or 609, or to defend against it at trial. Thus, the Court finds that Rule 12(b)(4) does not support the defendant's request for notice in this case.

Additionally, in light of the fact that the government has not received a witness list from the defendant, it can hardly be expected to provide notice of its intention to use F.R.E. 608 or 609 evidence with regard to these witnesses. In any event, the Court finds that the District Court, to whom issues of the admissibility of evidence at trial are entrusted, will be in a better position to determine whether a pretrial, jury-out hearing is in order and the admissibility of this evidence in relation to the other evidence introduced at trial. Accordingly, the defendant's Motion for Pretrial Notice of FRE Rule 608 Evidence of Character or Conduct the Government Intends to Offer or FRE 609 Impeachment Evidence [**Doc. 42**] is **DENIED.**

Defendant Truss moves [Doc. 43] the Court to require the government to provide notice of its intent to offer any statements under the residual hearsay exception in Rule 807, Fed. R. Evid. He requests the particulars of any such statement, including the name and address of the declarant. See Fed. R. Evid. 807. He notes that Rule 807 requires the proponent of the hearsay to advise the adverse party of the statement sufficiently in advance of trial to give the adverse party a

fair opportunity to meet the evidence. Fed. R. Evid. 807. The government responds [Doc. 75] that

to the extent Defendant Truss' motion seeks what is required by the rule, it is unnecessary.

The Court finds that Defendant Truss is seeking nothing more than what is required

by F.R.E. Rule 807. Thus, Defendant Truss' motion for notice of the government's intent to use

residual hearsay [**Doc. 43**] is **DENIED as moot**.

## G. BILL OF PARTICULARS

Defendant Truss asks [Doc. 44] the Court to require the government to provide a

bill of particulars with respect to the following:

> (1) Identify all unindicted co-conspirators and schemers known to the government who were in any way involved in the conspiracy charged in the indictment and particularize their participation, including dates, in said charges;

> (2) Particularize the date on which the government alleges Defendant Truss allegedly joined the conspiracy;

> (3) The exact amount of "cocaine base" or "crack" that Defendant Truss is alleged to have "knowingly, intentionally and without authority, combine, conspire, confederate and agree...with others to...to manufacture, distribute and possess with to distribute" as charged in Counts 1 and 2 of the indictment;

> (4) The method by which the firearm which Defendant Truss is alleged to have carried furthered his alleged drug trafficking crimes;

> (5) Defendant Truss also moves to join the requests for a Bill of Particulars filed by Defendant Dillard on January 24, 2006 on counts that are common to both defendants.

Additionally, Defendant Dillard asks [Doc. 31] the Court to require the government to provide a bill of particulars with respect to the following, as to Count One:

> (1) The exact language, word, or words allegedly used by the Defendants which allegedly indicated, or tended to indicate, that they willingly, intentionally, and knowingly agreed to commit the crimes charged in the indictment;

> (2) The places (cities, states, street addresses, apartment numbers) where Michael Dewayne Dillard allegedly committed the crimes charged;

> (3) The names and addresses of person or persons present or listening when Michael Dewayne Dillard allegedly committed the crimes charged;

> (4) The names and addresses of person or persons present or who have firsthand knowledge of the amount of the alleged controlled substance that was the purported aim of the alleged conspiracy;

> (5) With regard to the allegation of the conspiracy, the following:

>> (i) What other acts the alleged conspirators committed;

>> (ii) The names and addresses of witnesses present when the alleged acts were committed;

> (6) The nature of act and the date, time, and place of said act by which Michael Dewayne Dillard first manifested that he was part of the alleged conspiracy. Stated differently, what is the first act Defendant is accused of committing in furtherance of the alleged conspiracy;

> (7) The names of non-indicted, but identified, alleged co-conspirators of Michael Dewayne Dillard, including those whose names may have become known since the return of the indictment, or the names of those person whom the government deleted or omitted from the indictment.

Each defendant contends that he need this information in order to prepare his defense adequately, to avoid unfair surprise at trial, and to protect against double jeopardy. Each also argues that conspiracy charges deserve special scrutiny and that the Court should make sure that the defendant is apprised of the approximate date each co-conspirator joined or withdrew from the conspiracy and the identity of all unindicted co-conspirators. Each argues that this information is critical to allow him to prepare to challenge the admissibility of co-conspirator hearsay statements under Rule 801(d)(2)(E), Fed. R. Evid. The Court has already permitted [Docs. 69 and 71] each defendant to adopt the pleadings of his co-defendants.

The government responds [Doc. 75 and 76] that the defendants are not entitled to this information. It contends that each defendant is seeking discovery of its evidence and legal theories through a bill of particulars. It argues that the Court has already ordered discovery and that the indictment fully informs the defendant of the charges. Furthermore, the government contends that the instant case is not complex and covers only a three (3) day time span. Additionally, it states that during discovery, it provided photographs and video tape footage of the location searched and items seized.

At the February 21 hearing, the defendants argued that the conspiracy charge contained in Count One of the indictment simply tracks the language of the statute as written by Congress and therefore, does not adequately apprise the defendants of when they joined the conspiracy. The defendants nonetheless agreed that the indictment informs the defendants of the nature of the charges against them. They likewise agreed that the government has provided them with photographs and video footage of the location searched and items seized.

14

Defendant Truss is charged [Doc. 3] in counts (One-Four) of the five count indictment, while Defendant Dillard is charged [Doc. 3] in counts (One-Three) of the five count indictment with: (Count One) conspiracy to distribute and possess with intent to distribute fifty (50) grams or more of cocaine base, (Count Two) manufacture fifty (50) grams or more of cocaine base, (Count Three) possess with intent to distribute fifty (50) grams of cocaine base, and Truss is charged in (Count Four) with possession of a firearm in furtherance of drug trafficking crime, namely the conspiracy to manufacture, distribute and possess with intent to distribute fifty (50) grams or more of cocaine base. The conspiracy is alleged to have occurred from November 30, 2005 through December 2, 2005. Counts two, three and four are alleged to have occurred on December 2, 2005. Each count also indicates the amount of drugs involved, specifically, fifty (50) grams or more of cocaine base.

Federal Rule of Criminal Procedure 7(f) states that

> [t]he court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 10 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

"A bill of particulars is meant to be used as a tool to minimize surprise and assist defendant in obtaining the information needed to prepare a defense and to preclude a second prosecution for the same crimes. It is not meant as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial." United States v. Salisbury, 983 F.2d 1369, 1375 (6th Cir. 1993). The granting of a bill of particulars is within the court's discretion. See Id. (holding that the appellate court reviews the denial of a bill of particulars for an abuse of discretion). The level of detail in the

indictment can be a basis for denying the motion for a bill of particulars. Id. Additionally, "a defendant is not entitled to a bill of particulars with respect to information which is available through other sources." United States v. Paulino, 935 F.2d 739, 750 (6th Cir. 1991), *superseded on other grounds by statute*, United States v. Caseslorente, 220 F.3d 727 (6th Cir. 2000) (on sentencing issue).

In the present case, the defendants first seek to know the identities of unindicted co-conspirators, their roles in the conspiracy and the dates of their involvement and other specifics regarding witnesses present, places, and words used to show intent and knowledge. The Court notes that "a defendant is not entitled to discover all the overt acts that might be proven at trial." Salisbury, 983 F.2d at 1375. Nor is the government required to furnish in a bill of particulars the names of co-conspirators or other persons present when the defendant allegedly participated in the conspiracy. United States v. Rey, 923 F.2d 1217, 1222 (6th Cir. 1991). In this respect,

> [a] defendant may be indicted and convicted despite the names of his co-conspirators remaining unknown, as long as the government presents evidence to establish an agreement between two or more persons, a prerequisite to obtaining a conspiracy conviction. As long as the indictment is valid, contains the elements of the offense, and gives notice to the defendant of the charges against him, it is not essential that a conspirator know all other conspirators. "It is the grand jury's statement of the 'existence of the conspiracy agreement rather than the identity of those who agree' which places the defendant on notice of the charge he must be prepared to meet."

Rey, 923 F.2d at 1222 (citations omitted) (quoting United States v. Piccolo, 723 F.2d 1234, 1239 (6th Cir.1983), cert. denied, 466 U.S. 970 (1984) (quoting United States v. Davis, 679 F.2d 845, 851 (11th Cir.1982)). Thus, the government is not required to reveal the names of unindicted co-conspirators. United States v. Crayton, 357 F.3d 560, 568 (6th Cir. 2004).

16

Second, the defendants seek the date on which the government alleges that the defendant joined, or first acted in furtherance of, the conspiracy. The Sixth Circuit has approved the provision of the dates that a defendant is alleged to have conspired. See, e.g., Rey, 923 F.2d at 1222 (observing that the defendant knew the relevant dates in holding that he was not entitled to know the names of co-conspirators). On the other hand, the court has also held that the failure to provide the precise date that a defendant joined a conspiracy when the indictment alleged it lasted from "early 1987 to November 17, 1987," was not error because "the indictment was not so vague that [the defendant] could not discern the nature of the charges pending against him and the time frame in which the alleged acts occurred, or that the indictment did not provide him with adequate information to prepare a defense." United States v. Hayes, 884 F.2d 1393, 1989 WL 105938, ** 3 (6th Cir. Sept. 14, 1989). In the present case, the indictment alleges that the conspiracy took place during a three day time period, from November 30, 2005 through December 2, 2005. Additionally, the individual counts of manufacturing and possession with intent to distribute cocaine base each have a specific date listed. Thus, the Court finds that Count One is not vague as to the time frame of the conspiracy.

The defendants also seek to know the exact quantity of cocaine that the government intends to attribute to them and the method by which the firearm Defendant Truss allegedly carried furthered his alleged drug trafficking crimes. A bill of particulars may not be used by a defendant to obtain detailed disclosure of all evidence held by the government before trial. United States v. Phibbs, 999 F.2d 1053, 1086 (6th Cir. 1993). In other words, a bill of particulars is not to be used as a general discovery device. United States v. Hayes, 884 F.2d 1393, 1989 WL 105937, *4 (6th Cir. 1989) (unpublished opinion). Furthermore, "[f]ull discovery...obviates the need for a bill of particulars." United States v. Martin, 822 F.2d 1089, 1987 WL 38036, *3 (6th Cir. 1987). The

Court finds that the indictment is sufficiently specific on the quantity of cocaine for the defendant to know how much the government seeks to prove. Additionally, during discovery the government provided the defendant with photographs and video tape footage of the location searched and items seized. While the government is not required to divulge these details through a bill of particulars, the Court finds that the defendants have, in fact, already received more details regarding the charges, as well as evidentiary details regarding the "who, what, when, where and how" supporting those charges.

The Court finds that the indictment is sufficiently detailed to give the defendant notice of the charges he is facing, to prevent unfair surprise at trial, and to prevent each defendant from twice being placed in jeopardy for these offenses. Here, the defendants, in their requests for a Bill of Particulars, are seeking details or particulars regarding evidence supporting the charges against him, rather than details of the charges themselves, and as such, this request amounts to a general discovery request. Accordingly, the defendants' Motions for a Bill of Particulars [**Doc. 44 and 31**] are **DENIED**.

## H. SPECIFIC BRADY REQUEST

Defendant Truss moves [Doc. 45] this Court, pursuant to Brady v. Maryland, 373 U.S. 83 (1963), to order the government to provide him with (1) copies of the (video and/or audio) tapes made of the controlled buys that formed the basis for the search warrant issued for 274 Jefferson Ave., Oak Ridge, Anderson County, Tennessee on December 2, 2005; (2) copies of any and all DEA-6 forms relating to Defendant Truss. The defendant notes that the Supreme Court has emphasized that impeachment evidence, as well as exculpatory evidence, falls within the Brady rule.

18

He also notes that the prosecution has a duty to disclose any favorable evidence that could be used "in obtaining further evidence." Defendant Truss also moves that the Court order the government to produce the requested <u>Brady</u> materials pretrial.

The government responds [Doc. 75] that it is aware of its duty and responsibility to disclose exculpatory information pursuant to <u>Brady</u> and will comply with that obligation. It furthermore contends that Defendant Truss provides no basis to believe that the information requested contains any exculpatory information. At the February 21 hearing, Defendant Truss stated that he did not have any evidence to indicate that the tapes would be directly exculpatory of the defendant, but maintained that the tapes would be exculpatory to someone.

<u>Brady</u> states that the government must disclose evidence favorable to the accused and material to either guilt or punishment. <u>Brady</u>, 373 U.S. at 87. Evidence is material if "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." <u>United States v. Bagley</u>, 473 U.S. 667, 682 (1985); <u>see also</u> <u>Hamblin v. Mitchell</u>, 354 F.3d 482, 495 (6th Cir. 2003). With regard to the disclosure required by due process, the Supreme Court has rejected the notion that the definition of material evidence in <u>Brady</u> should "focus on the impact of the undisclosed evidence on the defendant's ability to prepare for trial, rather than the materiality of the evidence to the issue of guilt or innocence." <u>United States v. Agurs</u>, 427 U.S. 97, 112 n.20 (1976); <u>see also</u> <u>Presser</u>, 844 F.2d 1275, 1282 (6th Cir. 1988). Instead, <u>Brady</u> requires disclosure of "evidence which serves to impeach a government witness' credibility and evidence which is directly exculpatory of the defendant," but not "information relevant to neither guilt nor credibility but which might be of use to the defendant in *acquiring* exculpatory

or impeachment evidence that the defendant had thought was unavailable." United States v. Mullins, 22 F.3d 1365, 1372 (6th Cir. 1994) (emphasis added).

> The Court's Order on Discovery and Scheduling [Doc. 9, para. E.] provides:

> The government shall reveal to the defendant and permit inspection and copying of all information and material known to the government which may be favorable to the defendant on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), United States v. Agurs, 427 U.S. 97 (1976) (exculpatory evidence), and United States v. Bagley, 473 U.S. 667 (1985) (impeachment evidence).

The Court finds that it has already ordered the government to turn over materials within the scope of Brady. Furthermore, the defendant has not proffered any evidence to support his contention that the information requested is exculpatory of the defendant. The government has acknowledged its duty to disclose exculpatory evidence. Thus, Defendant Truss' Specific Brady Request No. 1 [**Doc. 45**] is **DENIED as moot**.


## I. ALL AGENTS TO PROVIDE EVIDENCE TO PROSECUTING ATTORNEY

Defendant Truss moves [Doc. 46] the Court for an order requiring all agents, officers and employees of federal, state, and foreign agencies involved in the investigation and/or prosecution of this action (or any related action) to disclose and provide to the prosecuting attorney all evidence in their possession, custody or control. The defendant contends that the prosecuting attorney cannot meet his Brady obligations unless all of the information, in the first instance, is disclosed and made available to him. Citing Kyles v. Whitley, 514 U.S. 419 (1995), the defendant argues that the "prosecutor has a duty to learn of any favorable evidence known to the *others acting*

*on the government's behalf* in the case, including the police." He furthermore contends that prosecutorial ignorance does not excuse this duty.

The government responds [Doc. 75] that first <u>Kyles v. Whitley</u> cannot be read as (1) imposing a duty on the prosecutor to learn of information by other government agencies that have no involvement in the prosecution at issue, (2) to receive, review or maintain all irrelevant evidence possessed by the investigating agencies, or (3) that all information and materials pertaining to a case must be transferred from investigative agencies to the Office of the United States Attorney. Second, the government contends that an order of this magnitude would impermissibly interfere with its method for making such disclosures. It furthermore states that it is not equipped to be the repository of all the information and material compiled in a case. Finally, the government notes that the Defendant's motion extends to "all materials" and contends that it is not prepared or equipped to assume custody of all materials, like drugs, firearms, or contraband. The government notes that it is aware of its obligations under <u>Brady</u> and <u>Kyles</u> and will comply with them.

At the February 21 hearing, the defendant took specific issue with the fact that a toxicology report had been completed on December 28, 2005, but was not provided to the defendants until February 14, 2006. The defendant also claimed that the report did not contain certain identifying information which he was entitled to receive. The government, on the other hand, stated that it had immediately forwarded the DEA report to the defendants upon receiving it and maintained that the report was a complete analysis. Furthermore, it contended that the defendant's motion is overly broad, in that it asks the Court to impose a greater duty on the government than is contemplated under <u>Kyles</u>.

21

According to Brady v. Maryland, "the suppression by the prosecution of evidence favorable to an accused...violates due process where the evidence is material either to guilt or to punishment irrespective of the good faith or bad faith of the prosecution." 373 U.S. 83, 87 (1963). In order to comply with Brady, the "the individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in this case, including the police." Kyles v. Whitley, 514 U.S. 419, 437 (1995). Supreme Court precedent does not, however, require possession to trigger the prosecutor's duty to disclose, and in fact, holds quite the opposite. In Kyles the Court expressly rejected the state's argument that it had no duty to disclose materials known only to the police and not to the prosecution. Id. at 438. Therefore, the Brady rule extends to evidence "known only to police investigators and not to the prosecutor." Strickler v. Greene, 527 U.S. 263, 280-81 (1999) (quoting Kyles, 514 U.S. at 438).

The Court finds that while the defendant's motion is broad and asks for "all materials," the issue addressed by the defendant at the hearing on this motion was narrow in scope. Specifically, the defendant took issue with a DEA toxicology and chemist report. To the extent that the defendant relies on its motion, the Court finds it overly broad in that the request appears to impose a greater duty on the prosecutor in this case than that required by Kyles. To the extent that the defendant questions the sufficiency of the DEA report, the government is guided by Rule 16(a)(1)(F)-(G) of the Federal Rules of Criminal Procedure, and is expected to comply with them both. Accordingly, Defendant Truss' motion [**Doc. 46**] is **DENIED.**

## J. JENCKS ACT MATERIALS

In his Motion For The Automatic And/Or Early Production of Jencks/Rule 26.2 Statements [Doc. 47], Defendant Truss moves the Court for an order requiring the government to provide the defense with all Jencks/Rule 26.2 statements prior to trial so as to facilitate cross-examination and prevent delay of the trial. Alternatively, he requests that the Court order the government to produce these statements automatically without defense counsel's request after each government witness testifies on direct examination. He also asks that he be granted an automatic recess for defense counsel to review the statements. The government responds [Doc. 75] that prior statements are discoverable only after the witness has testified on direct examination and the defendant has made a motion for production. It further maintains that the defendant, without citing any supporting authority, seeks to be relieved of his statutorily imposed obligation to make a timely motion at the conclusion of the witness's direct testimony.

At the February 21 hearing, the defendant requested that the Court order the government to provide Jencks material at least one (1) day before trial. The government stated that while it contemplates providing statements prior to trial, it did not want to commit to that prior to trial.

The Jencks Act provides in pertinent part as follows:

In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a government witness or prospective government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case.

23

18 U.S.C. § 3500; see also Fed. R. Crim. P. 26.2. The Sixth Circuit has upheld the government's right under this statute to withhold witness statements or reports, even those that would be favorable to the defendant's defense, until after the witness testifies: "The clear and consistent rule of this circuit is that the intent of Congress expressed in the Act must be adhered to and, thus, the government may not be compelled to disclose Jencks Act material before trial." United States v. Presser, 844 F.2d 1275, 1283 (6th Cir. 1988).

Although the Jencks Act permits the government to wait for disclosure until after the witness testifies, the Sixth Circuit has encouraged the government to provide the information earlier in appropriate cases in order to prevent delay at trial. See United States v. Minsky, 963 F.2d 870, 876 (6th Cir. 1992). Additionally, this Court's Order on Discovery and Scheduling [Doc. 9, para. O] also "strongly" encourages the early production of Jencks materials "as soon as possible and well before the testimony of the government witness in order to avoid undue interruptions of trials." However, the Sixth Circuit recognizes that in some cases the government may have a substantial reason for waiting until after the witnesses testimony to disclose the Jencks material. See United States v. Algie, 667 F.2d 569, 572 (6th Cir. 1981).

The Court notes that although early disclosure is encouraged by the Court, the government's decision to disclose any statements after the witness testifies at trial is authorized by statute. Furthermore, the defendant's expressed need for early disclosure, that of facilitating cross-examination and preventing delay of the trial, is one that is present in every case. Thus, the Court finds that the defendant has stated no compelling need for early disclosure. In any event, in the end, this Court simply does not have authority to order the pretrial production of Jencks materials.

<u>Presser</u>, 844 F.2d at 1283.  Accordingly, the defendant's request [**Doc. 47**] for early production of Jencks materials is **DENIED**.

Alternatively, the defendant asks that the government automatically give him Jencks materials after the direct examination of each government witness and that the trial court automatically take a recess following such production.  He states that these measures are necessary in order that the jury, who does not understand the procedural rules, will not perceive defense counsel to be demanding, unprepared, or disruptive of the trial.  The Court notes that these matters, which relate to the orderly progression of the trial, fall within the province of the District Court.  Thus, the defendant's request for automatic production and automatic recesses is **DENIED**, subject to renewal with the trial judge.

### K.  JURY INSTRUCTIONS

Defendant Truss moves [**Doc. 48**] this Court to provide a copy of all instructions it intends to give to the jury at the trial of this cause and to disclose to defense counsel the Court's ruling on requested jury instructions.  The government responds [**Doc. 75**] that to the extent this motion is already covered by Rule 30 of the Federal Rules of Criminal Procedure, it is unnecessary.  Nonetheless, it contends that it does not oppose the request.

Where a party properly files a written request for the Court to instruct the jury "on the law as specified in the request" under Rule 30 of the Federal Rules of Criminal Procedure, the Court is required to inform counsel how it intends to rule on the requested instructions before closing arguments.  Fed. R. Crim. P. 30.  Initially, the Court notes that the parties are guided by Rule

30(a)-(d) of the Federal Rules of Criminal Procedure and are expected to comply with its requirements. To the extent that the defendant seeks relief from this Court, it finds that the defendant's request is premature and, more importantly, that it does not comport with the requirements as set forth in Rule 30. Accordingly, Defendant Truss' motion [**Doc. 48**] is **DENIED.**

## L.  STATEMENTS OF INDIVIDUALS NOT TO BE CALLED AS WITNESSES

Defendant Truss moves [Doc. 49] the Court to order the government to produce all interviews, memoranda, and reports from interviews made with those persons whom the government has determined not to call as witnesses. He contends that Rule 57, Fed. R. Crim. P.,[2] and Brady compel disclosure. He further asserts that his request is grounded upon the government's constitutional obligations to disclose exculpatory information, including impeachment material. The defendant argues that pretrial disclosure of this evidence is necessary in order to allow defense counsel to locate and interview witnesses and to make effective use of the evidence at trial. The government responds [Doc. 75] that to the extent the defendant's motion requests discovery of exculpatory material, the government is familiar with its obligations under Brady. However, to the extent the defendant seeks discovery beyond that, it is inconsistent with Rule 16 of the Federal Rules of Criminal Procedure and Sixth Circuit authority.

---

[2] Rule 57 relates to the District Court's adoption of local rules of court. Presumably, the defendant is referring to Rule 57(b), Procedure When There Is No Controlling Law, which states that a "judge may regulate practice in any manner consistent with federal law, these rules, and the local rules of the district."

The Court begins by noting that the government's duty to disclose evidence favorable to the accused and material to guilt or punishment does not require that it turn over its entire file to the defendant. See Agurs, 427 U.S. at 111. Instead, "the government typically is the sole judge of what evidence in its possession is subject to disclosure." Presser, 844 F.2d 1275, 1282 (6th Cir. 1988). In exercising that discretion, the government acts at its own peril in failing to disclose evidence that is covered by Brady and its progeny. See Id. at 1281.

The evidence requested by the defendant in this motion–interviews, memoranda, and reports from interviews with persons, whom the government will not call at trial,–is addressed by the discovery rules:

> Except as Rule 16(a)(1) provides otherwise, this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case.

Fed. R. Crim. P. 16(a)(2). The Court finds that the evidence requested by the defendant falls within the ambit of Rule 16(a)(2) and does not have to be disclosed unless it is also material and exculpatory, in which case due process would compel disclosure. See Brady, 373 U.S. at 87; Mullins, 22 F.3d at 1372. Additionally, Brady material that is not also subject to the Jencks Act must be disclosed in time for the defendant to make effective use of it at trial. United States v. Farley, 2 F.3d 645, 654 (6th Cir.), cert. denied, 510 U.S. 1030 (1993).

Accordingly, the defendant's motion [**Doc. 49**] requesting disclosure of all interviews, memoranda, and reports from interviews made with those persons whom the government has determined not to call as witnesses is **DENIED** to the extent that it requests non-exculpatory

evidence covered by Rule 16(a)(2). Furthermore, the government has acknowledged its obligations under Brady. Thus, to the extent that the defendant asks for evidence that the Court has already ordered the government to produce, governed by the timing obligation set forth in Presser, in its scheduling order [Doc. 9], the defendant's motion is **DENIED as moot.**

## M. PRESERVATION OF EVIDENCE AND INDEPENDENT TESTING

Defendant Truss moves [Doc. 51] the Court to order the government to preserve any substance alleged to be contraband in its original form and packaging, and to permit independent testing and weighing of any such substance by the defendant. The government responds [Doc. 75] that "the substance is currently being maintained by the Drug Enforcement Administration and under their practices will not be destroyed until completion of the criminal proceedings in the instant case."

At the February 21 hearing, Defendant Truss stated that he had no intention of testing the substance at this time. As to the issue of preserving the evidence, the government has filed a written response stating that the substance is currently being maintained by the DEA and that it will not be destroyed before completion of the trial. To the extent that the defendant seeks the government to do anything more, the defendant's motion [**Doc. 51**] is **Denied as moot.**

## N. RETENTION OF AGENTS' ROUGH NOTES

Defendant Truss moves [Doc. 53] the Court for an order directing all state and federal law enforcement officers and agents and all prosecuting attorneys who investigated the case to retain all rough notes, writings, tape-recorded notes, computer-generated notes and computer data connected

with their investigation of the case. The defendant argues that all rough notes, as defined by the defendant, should be preserved so that the government can make a complete and thorough determination regarding the requirements of disclosure of these materials under Brady. The government responds [Doc. 75] that is does not object to the extent that the Court's Order on Discovery and Scheduling already [Doc. 9, para. H] covers this request, but does object to the extent that the defendant's request exceeds the Court's order.

The Court finds that it has already ordered [Doc. 9, para. H] the relief requested by the defendant: "The government shall advise its agents and officers involved in this case to preserve all rough notes." The Court likewise finds that it has already ordered the government to turn over materials within the scope of Brady [Doc. 9, para. E]. To the extent that the defendant seeks anything beyond the Court's Order, the defendant's Motion For Agents To Retain Rough Notes [**Doc. 53**] is **DENIED**.


## O. LEAVE TO FILE ADDITIONAL MOTIONS

The defendant requests [Doc. 55] leave to file additional, unspecified motions outside of his January 31, 2006 motion filing deadline. He argues that the government has not provided all discovery to defense counsel and requests that he be allowed to supplement his motions after receipt of all discovery. The government responds [Doc. 75] that other than the laboratory reports, it believes that discovery has been provided and furthermore objects to an unconditional leave for the defendant to file additional motions.

Absent any showing of the type of motion the defendant desires to file or of specific need, the defendant's Motion for Leave to File Additional Motions [**Doc. 55**] is **DENIED**. If the defendant desires to file a specific motion, he may move for the Court's leave to file that particular motion.

## P. CONTINUANCE OF TRIAL

At the February 21 hearing, counsel for Defendant Truss made an oral motion to continue the March 6, 2006 trial of this matter. Attorney Bailey indicated that she had not received all discovery from the government and noted that the government had not filed any responses to the motions filed by Defendant Crowley. Attorney Bailey also noted that the defense would need additional time so that Defendant Truss could pursue his suppression motion. She furthermore stated that she had discussed speedy trial rights with Defendant Truss and maintained that Defendant Truss (1) understood his rights, (2) understood that he would remain in detention, and (3) wanted the judge to continue his trial. At the hearing, Attorney Francis stated he had no objection to the requested continuance. The Court questioned Defendant Dillard, who likewise stated that he did not object to the continuance and understood that he would remain in custody pending the new trial date. The government also did not object to the requested continuance.

The Court finds that the ends of justice served by granting a continuance outweigh the interest of the defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(8)(A). The Court finds that the failure to grant a continuance would deprive the defendants of time to prepare for trial in light of the reasons stated by Attorney Bailey. <u>See</u> 18 U.S.C. § 3161(h)(1)(F). As to Defendant Truss' Motion To Suppress, the Court will need time to hear the motion and to prepare a Report and

30

Recommendation to the District Court on the motion. See 18 U.S.C. § 3161(h)(1)(J). Following the filing of the Report and Recommendation, the parties need time to file any objections, and the District Court will need time to rule upon the report and those objections. Finally, the parties will need time to prepare for trial in light of the ruling on the suppression issues. The Court finds that all of this could not take place before the March 6, 2006 trial date. Thus, without a continuance, counsel would not have the reasonable time necessary to prepare for trial despite their use of due diligence. See 18 U.S.C. § 3161(h)(8)(B)(iv).

The defendants' request to continue the trial is **GRANTED**, and the trial of this matter is reset to **June 21, 2006**. The Court also finds, and the parties agreed, that all the time between the February 21, 2006 hearing and the new trial date of June 21, 2006, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(1)(F), (J), and (h)(8)(A)-(B).

With regard to further scheduling, a motion hearing is set for **March 29, 2006 at 1:30 p.m.**, at which time all remaining motions will be heard. Counsel for Defendant Truss was granted the opportunity to supplement her Motion to Suppress [Doc. 54] and has until **February 28, 2006** to supplement said motion. The government has until **March 14, 2006** to file any responses to the remaining motions, including the motions filed by Defendant Crowley, adopted by Codefendants.

31

## II. CONCLUSION

Accordingly, it is ordered:

(1)   In light of the fact that Defendant Crowley has entered a change of plea in this case, Defendant Crowley's pending motions [**Docs. 35, 37, 50, 57, 58, 60, 62, 64, 66, 67**] are **DENIED as moot** as to Defendant Crowley ONLY;

(2)   Defendant Truss' and Defendant Dillard's Motion to Adopt Pleading Of Co-Defendants [**Docs. 69 and 71**] are **GRANTED**;

(3)   Defendant Truss' Motion For Additional Detention Hearing [**Doc. 70**] is **DENIED**;

(4)  Defendant Truss' motions related to Rule 404(b)-Type Evidence [**Docs. 39 and 41**] are **DENIED**;

(5)  Defendant Truss' motion related to Rule 12(b)(4) evidence [**Doc. 40**] is **DENIED as moot**, but the government is to provide a copy of the search warrant inventory to the defendants;

(6)   Defendant Truss' motion related to FRE 608 and 609 [**Doc. 42**] is **DENIED**;

(7)   Defendant Truss' motion related to FRE 807 [**Doc. 43**] is **DENIED as moot**;

(8)  Defendant Truss' Motion For A Bill Of Particulars [**Doc. 44**] and Defendant Dillard's Motion For A Bill Of Particulars [**31**] are **DENIED**;

(9)   Defendant Truss' Specific Brady Request No. 1 [**Doc. 45**] is **DENIED as moot**;

(10)   Defendant Truss' motion for all agents to disclose and provide evidence to the prosecuting attorney [**Doc. 46**] is **DENIED**;

32

(11)  Defendant Truss' Motion For The Automatic And/Or Early Production Of Jencks/Rule 26.2 Statements [**Doc. 47**] is **DENIED**;

(12)  Defendant Truss' Motion for Disclosure of Jury Instructions And Rulings On Requests [**Doc. 48**] is **DENIED**;

(13)  Defendant Truss' Motion For Pretrial Production of Statements Of Individuals Not To Be Called As Witnesses [**Doc. 49**] is **DENIED**;

(14)  Defendant Truss' Motion To Preserve Evidence And For Independent Testing [**Doc. 51**] is **DENIED as moot**;

(15)  Defendant Truss' Motion For Agents To Retain Rough Notes [**Doc. 53**] is **DENIED**;

(16)  Defendant Truss' Motion For Leave To File Additional Motions [**Doc. 55**] is **DENIED**;

(17)  The trial of this matter is reset to commence at **9:00 a.m., on June 21, 2006**, before the Honorable Thomas W. Phillips, United States District Judge;

(18)  All the time between the Defendant's oral motion to continue trial on February 21, 2006 and the new trial date of June 21, 2006, is fully excludable time under the Speedy Trial Act for the reasons set forth above;

(19)  A motion hearing is set for **March 29, 2006, at 1:30 p.m.,** at which time all remaining motions will be heard, specifically [Docs. 54, 62, 64, 66, 67, 77, 78];

(20) Defendant Truss has until **February 28, 2006** to supplement her motion to suppress [Doc. 54]; and

(21) The government has until **March 14, 2006** to file any responses to the remaining motions, including the motions filed by Defendant Crowley, adopted by Codefendants.

**IT IS SO ORDERED.**

ENTER:

   s/ C. Clifford Shirley, Jr.   
United States Magistrate Judge