UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:05-CR-146 |
| V. | ) | (PHILLIPS/SHIRLEY) |
| | ) | |
| | ) | |
| ROBERT ANTOINE TRUSS, | ) | |
| MICHAEL DEWAYNE DILLARD, and | ) | |
| JASMINE DESREKA CROWLEY, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This matter came before the Court on March 29, 2006, for a scheduled motion hearing. Assistant United States Attorney Steve Cook was present representing the government. Attorney Ursula Bailey was present representing Defendant Truss and Attorney Dennis Francis was present representing Defendant Dillard. Defendants Truss and Dillard were present as well. Additionally, Attorney Stephen Johnson was present representing Defendant Crowley, who was subpoenaed by Defendant Truss to testify at this hearing. Defendant Crowley entered a change of plea in this case on February 28, 2006 and the Court permitted [Doc. 84] the defendant to withdraw her ten (10) pending motions at the February 21, 2006 hearing. The Court notes, however, that it has also permitted [Doc. 84] Defendants Truss and Dillard to adopt the pleadings filed by co-defendants, including the motions filed by Defendant Crowley.

1

At the hearing, the Court took up the following pending motions, most of which had been filed by Defendant Crowley:

> (1) Defendant Crowley's Motion To Determine Existence Of Conspiracy [Doc. 35];

> (2) Defendant Crowley's Motion *In Limine* To Bar Improper Prosecutorial Argument [Doc. 37];

> (3) Defendant Crowley's Motion To Exclude Statements Of Co-Defendant Robert Truss Made To Law Enforcement From Any Joint Trial, Or, In The Alternative, For Severance [Doc. 50];

> (4) Defendant Crowley's Motion For Pretrial Hearing To Determine The Admissibility Of Evidence The Government Intends To Introduce Under F.R.E. 702, 703, And/Or 705 [Doc. 57];

> (5) Defendant Crowley's Motion For Bill Of Particulars [Doc. 58];

> (6) Defendant Crowley's Motion To Strike Surplusage In The Indictment [Doc. 60];

> (7) Defendant Crowley's Motion For Notice By The Government Pursuant To Rule 12(d)(2) Of Its Intention To Use Evidence Arguably Subject To Suppression [Doc. 66];

> (8) Defendant Dillard's Motion In Limine [Doc. 77]; and

> (9) Defendant Truss's Motion To Adopt Pleading of Co-Defendant [Doc. 78].

## I.  ANALYSIS

The Court will endeavor to address the defendants' motions largely in the order that the parties elected to present their arguments at the motion hearing.

2

## A. PRE-TRIAL HEARING TO DETERMINE EXISTENCE OF CONSPIRACY

The defendants move [Doc. 35] the Court, pursuant to the Fifth and Sixth Amendments to the federal constitution, Bourjaily v. United States, 483 U.S. 171, 180 (1987); United States v. James, 590 F.2d 575 (5th Cir.), *cert. denied*, 442 U.S. 917 (1979), and United States v. Vinson, 606 F.2d 149, 152-153 (6th Cir. 1979), for an Order granting a pre-trial hearing to determine whether or not the government may satisfy its burden of proof on the existence of a conspiracy before any co-conspirator statements may be admitted in the government's case-in-chief at trial. In support of their motion, the defendants aver, in part, that: (1) they were charged in Count 1 of the Indictment with involvement in a conspiracy to violate the Controlled Substance Act, (2) the conspiracy alleged is only three days, and (3) while the alleged conspiracy involved unnamed "others," Count 1 does not state whether these "others" were known or unknown to the Grand Jury.

The government responds [Docs. 85], first noting that before it can take advantage of the co-conspirator exception of the hearsay rule, it must show by a preponderance of the evidence that a conspiracy existed, that the defendant against whom the hearsay is offered was a member of the conspiracy and that the hearsay statement was made in the course and in the furtherance of the conspiracy. Vinson, 606 F.2d at 152. It furthermore notes that the Sixth Circuit has outlined three alternative methods by which the district court can make a determination as to the admissibility of hearsay statements under the coconspirator exception to the hearsay rule: (1) conduct a pretrial mini-hearing outside the presence of the jury and listen to the proof of the conspiracy, (2) require the government to produce non-hearsay evidence during the course of trial before making the necessary finding, and (3) admit the hearsay statements subject to a later demonstration of their admissibility. Vinson, 606 F.2d at 152-53.

The government contends that while the Sixth Circuit has criticized the first alternative as burdensome, time consuming and uneconomic, the more practical approach and the one customarily adopted by this district has been to permit the government to present the hearsay statements subject to a later demonstration of their admissibility by a preponderance of the evidence. It also maintains that by avoiding a pretrial hearing, the defendants will be preempted from circumventing the rules of pretrial discovery and will not be allowed to ascertain the minutiae of the government's evidence contrary to the intent of Rule 16 of the Federal Rules of Criminal Procedure and the Jencks Act.

Under Federal Rules of Evidence Rule 801(d)(2)(E), "a statement is not hearsay if ...[t]he statement is offered against a party and is...a statement by a coconspirator of a party during the course and in furtherance of the conspiracy." To be admissible under Rule 801(d)(2), the party offering a co-coconspirator statement must show by a preponderance of the evidence that: (1) the conspiracy existed, (2) the defendant was a member of the conspiracy, and (3) the co-conspirator's statements were made in furtherance of the conspiracy. See United States v. Lora, 210 F.3d 373, 2000 WL 353742, **3 (May 29, 2000 6th Cir.) (unpublished opinion)(citing, United States v. Wilson, 168 F.3d 916, 920 (6th Cir. 1999). This three-part test is often referred to as an "Enright finding." See United States v. Enright, 579 F.2d 980 (6th Cir. 1978). Whether the offering party has made the showing is a question of fact for the court to decide. Fed. R. Evid. 104(a); United States v. Maliszewski, 161 F.3d 992, 1007 (6th Cir. 1998), *cert. denied*, Villareal v. United States, 119 S.Ct. 1126 (1999).

While the Sixth Circuit has approved three potential procedures for resolving this issue: (1) holding a pretrial hearing, (2) requiring at trial that the government present evidence of

4

the conspiracy before presenting the co-conspirator's statement, and (3) allowing the government to present the statement before proving the conspiracy at trial but instructing the jury that the government must prove the conspiracy before it can consider the statement, <u>Vinson</u>, 606 F.2d at 152-53, the Court notes that it is the general practice in this district to use the third of these options. In any event, the defendants' motion [Doc. 35] relates directly to trial procedures and/or the admissibility of evidence at trial and will be addressed by the trial judge, District Judge Thomas W. Phillips. Accordingly, the undersigned **DENIES** the defendants' motion [**Doc. 35**], to the extent they seek a pretrial hearing at this time. District Judge Phillips will decide whether he desires to choose an option besides the third option before or during trial, as he deems appropriate.

### B. MOTION *IN LIMINE* TO BAR IMPROPER PROSECUTORIAL ARGUMENT

The defendants move [Doc. 37] the Court, pursuant to the Fifth, Sixth, and Eighth Amendments to the Constitution of the United States, and the right to a full and fair hearing to enter an Order prohibiting the prosecution from engaging in certain improper arguments before the jury. The defendants include in their motion and brief a non-exhaustive list of arguments which they maintain that a prosecutor may not use.

The government responds [Doc. 37] that the motion seeks no more than to have the Court enforce existing rules. It further contends that whether any given argument is improper will depend on all the surrounding circumstances including argument made by counsel for the defendants and, thus, the motion is premature.

To the extent the defendants seek to enforce existing rules, specifically, those rules which prohibit the prosecution from engaging in improper argument before the jury, the Court

finds that the defendants are seeking nothing more than what is required by the rules and, thus, the defendants' motion [**Doc. 37**] is **DENIED as moot**. To the extent the defendants seek relief from this Court, it finds that the defendants' request is premature. The present case is set for trial before District Court Judge Thomas Phillips and, thus, any findings regarding improper arguments is a matter which is best left to the discretion of the trial judge to be made in the context within which it is offered at trial. Accordingly, the defendants' Motion *In Limie* To Bar Improper Prosecutorial Argument [**Doc. 37**] is **DENIED**, subject to renewal, if appropriate, before District Judge Phillips at trial.

## C. EXCLUDE STATEMENTS OF CO-DEFENDANTS MADE TO LAW ENFORCEMENT

The defendants move [Doc. 50] the Court, pursuant to Fed. R. Crim. P. 14(a), Bruton v. United States, 391 U.S. 123 (1968), Crawford v. Washington, 541 U.S. 36 (2004), and their progeny for an Order excluding the statements of co-defendant Robert Truss, or, in the alternative, severing their case from that of their co-defendant. The defendants aver that co-defendant Truss provided statements to law enforcement which are inculpatory of Defendants Crowley and Dillard. The defendants contend that there are three possible remedies: (1) redaction, (2) exclusion of the entire statement in any joint trial, or, in the alternative, (3) severance.

The government responds [Doc. 85] that, inasmuch as the motion seeks to exclude statements made by Truss which incriminate Dillard and Crowley, the motion is well-taken. The government states that it will not present evidence of Defendant Truss's statements which incriminate Dillard or Crowley.

6

At the hearing, Defendant Dillard argued that redaction of any inculpatory statements made by Defendant Truss against Dillard was an insufficient remedy because Dillard was the only remaining co-defendant. Counsel for Dillard stated that despite the government's representation in its written response, he wished to renew his motion for severance because of the possible "spilling over effect." The government contended that Defendant Truss made multiple statements to law enforcement, but only one statement was inculpatory of Dillard. It further averred (1) all statements that did not mention Defendants Dillard and Crowley would be entirely admissible, and (2) that the statement in which Truss did mention the co-defendants could be redacted with no reference to the incriminating information whatsoever.

Generally, there exists a "preference in the federal system for joint trials of defendants who are indicted together." United States v. Cobleigh, 75 F.3d 242, 247 (6th Cir. 1996). It is also well-established that to be entitled to a severance, a defendant must make "a strong showing of factually specific and compelling prejudice" that will "mislead or confuse the jury." Id. at 248; United States v. Lopez, 309 F.3d 966, 971 (6th Cir. 2002). In other words, the defendant "must demonstrate the jury's inability to distinguish the evidence relevant to each defendant." Cobleigh, 75 F.3d at 248. Furthermore, absent a showing of substantial prejudice, spillover of evidence from one defendant to another does not compel severance. United States v. Moore, 917 F.2d 215, 221 (6th Cir. 1990).

In Bruton v. United States, the Supreme Court held that "[a] defendant may be prejudiced by the admission in evidence against a co-defendant of a statement or confession made by that co-defendant. This prejudice cannot be dispelled by cross-examination if the co-defendant does not take the stand. Limiting instructions to the jury may not in fact erase the prejudice." 391

U.S. 123, 132 (1968). However, the Supreme Court has also held that "[t]he Confrontation Clause is not violated by the admission of a nontestifying codefendant's confession with a proper limiting instruction when...the confession is redacted to eliminate not only the defendant's name, but any reference to his or her existence." Richardson v. Marsh, 481 U.S. 200, 211 (1987).

However, the admission of a redacted statement of a co-defendant containing an obvious blank space or word such as "deleted" violates the Bruton rule because statements redacted in such a way are often obvious to the jury, unnecessarily alert the jury to the redacted name, and directly accuse the co-defendant. United States v. Winston, 55 Fed.Appx. 289, 293-94 (6th Cir. 2003) (citing Gray v. Maryland, 523 U.S. 185 (1998)). Finally, this Court has held that Bruton does not bar the use of a redacted codefendant's confession "even if the codefendant's confession becomes incriminating when linked with other evidence adduced at trial." United States v. DiCarlantonio 870 F.2d 1058, 1062 (6th Cir), *cert. denied*, 493 U.S. 933 (1989).

In light of the government's representation that (1) it will not present evidence of Defendant Truss's statements which incriminate Dillard and Crowley, and (2) that the statement(s) in which Truss did mention the co-defendants could be completely redacted with no reference to the defendants or the incriminating information, the Court finds that Defendant Dillard has failed to show that compelling prejudice would result from a single trial and, thus, Dillard is not entitled to a severance. Furthermore, it appears to the Court that the statement(s) of Defendant Truss can be redacted in such a way as to avoid a violation under Bruton and its progeny. Accordingly, the motion [**Doc. 50**] is **DENIED**.

## D. PRETRIAL HEARING TO DETERMINE ADMISSIBILITY OF EVIDENCE TO BE INTRODUCED UNDER F.R.E. 702, 703, AND/OR 705

The defendants move [Doc. 57] the Court, pursuant to the Fifth and Sixth Amendments to the United States Constitution, F.R.E. 104(a), F.R.E. 104(c), F.R.E. 702, Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), Kumho Tire Co. v. Carmichael, 119 S.Ct. 1167 (1999), and their progeny, for a pretrial hearing in order to determine the admissibility of evidence the government intends to introduce under F.R.E. 702, 703, and/or 705. In support thereof, the defendants aver that the government has provided them with a general notice that it intends to introduce, pursuant to F.R.E. 702, the testimony of two different experts, but has not provided an expert report or summary of the testimony of either expert, or disclosed their identities. See Fed. R. Crim. P. 16(a)(1)(G) ("The summary provided under this subparagraph must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications").

The government responds [Doc. 85] that, while F.R.E. 104 requires the Court to determine preliminary questions of admissibility and that such hearings may be conducted outside the presence of the jury, the defendants' request for a pretrial hearing on this expert testimony would be a waste of judicial resources because: (1) courts have overwhelmingly found police officers' expert testimony admissible in the area of drug dealing...and this Circuit has allowed police officers to testify as expert witnesses about criminal activity since "[k]nowledge of such activity is generally 'beyond the understanding of the average layman'", and (2) a chemist's testimony regarding the nature of a controlled substance is, necessarily, even more common.

In 1993 the United States Supreme Court changed the standard for admission of expert testimony in federal courts with its decision in Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 113 S. Ct 2786 (1993). The Court in Daubert held that Rule 702 of the Federal

9

Rules of Evidence requires a trial court to ensure that scientific testimony is relevant and reliable. Id. at 589. In 1999, the Supreme Court broadened the trial court's "gatekeeping" function by applying the factors delineated in Daubert not only to scientific testimony but to all expert testimony. Kumho Tire Co. v. Carmichael, 526 U.S. 137, 147-48, 119 S. Ct. 1167, 1174, 143 L. Ed. 2d 238 (1999).

At the March 29 hearing, counsel for Defendant Truss stated that she had been provided with a curriculum vitae of an expert that the government intended to use, but had not been provided with a report. Counsel further stated that she could not "go any further" on this motion because she did not know what the report was going to contain. When asked whether counsel had any basis at this time for challenging either the government's chemist expert or the law enforcement officer expert, counsel stated that she had no basis at this time because there was no information on the toxicologist report and she only had a curriculum vitae of one expert and no report.

Federal Rule of Criminal Procedure 16(a)(1)(G) [Expert Witnesses] states:

> At the defendant's request, the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief.

Furthermore, The Court's Order on Discovery and Scheduling [Doc. 9, para A(3)] instructs the government to turn over to the defendants:

> Results or reports of physical or mental examinations, and of scientific tests, including, without limitation, any handwriting analysis or experiments, which are material to the preparation of the defense or are intended for use by the government as evidence in chief at the trial, and, *as soon as possible but at least three weeks before trial*, unless the Court orders otherwise.

To the extent the defendants argue that they are entitled in discovery to a written

summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief, the Court agrees. Moreover, the Court believes that such evidence should be produced at the earliest opportunity so as to assist the defense in preparing and/or filing motions for a <u>Daubert-Kuhmo Tire</u> hearing on the admissibility of that testimony. Nonetheless, the Court finds that it has already ordered the government to turn over the discovery materials which the defendant seeks in his motion in its Order on Discovery and Scheduling [Doc. 9], which requires the government to provide to defendants at least three weeks prior to trial any evidence discoverable under Rule 16(a)(1)(G). The present case is set for trial before District Court Judge Thomas Phillips on June 21, 2006. To the extent the defendants seek earlier disclosure of discovery under Rule 16(a)(1)(G), the Court finds no reason to disturb the time frame provided in the Order on Discovery and Scheduling.

Additionally, to the extent the defendants have already received some discovery regarding the expert witnesses which the government will call to testify, the Court finds that the defendants have neither challenged this evidence, nor have they provided any basis for the Court to conduct a pretrial <u>Daubert-Kuhmo Tire</u> hearing at this time. Accordingly, the Court finds that the defendants' motion [**Doc. 57**] is premature and, thus, is **DENIED**.


### E. STRIKE SURPLUSAGE IN THE INDICTMENT

The defendants' move [Doc. 60] the Court, pursuant to Rule 7(d) of the Federal Rules of Criminal Procedure and the Fifth Amendment of the United States, for an Order striking the "highly prejudicial" surplusage, "also known as crack," that appears in the Indictment. In support thereof, the defendant avers that: (1) each count of the five count Indictment references that cocaine

11

base is "also known as crack", (2) this information is not essential to the essential facts constituting the offense charged, (3) repeatedly referencing the substance at issue with a street vernacular introduces language which is irrelevant, prejudicial, and inflammatory, and (4) inclusion of this street or slang term is intended to elicit negative connotations commonly associated with the word.

The government responds [Doc. 60] that a motion to strike surplusage should be granted only if it is clear that the allegations are not relevant to the charge and are inflammatory and prejudicial. It notes that this is an exacting standard and only rarely has surplusage been ordered stricken. Furthermore, the government contends that the term "crack" is neither irrelevant nor inflammatory and prejudicial.

Rule 7(d) of the Federal Rules of Criminal Procedure states, "[u]pon the defendant's motion, the court may strike surplusage from the indictment or information." A motion to strike surplusage should be granted only where it is clear that the language is irrelevant and prejudicial. United States v. Neller, 229 F.3d 1154, 2000 WL 1234330, *2 (6th Cir. Aug. 25, 2000) (unpublished opinion). In United States v. Carter, the defendant filed a motion *in limine* asking that the words "crack cocaine" be stricken from the indictment. 124 F.3d 200, 1997 WL 528465, * 2 (6th Cir. Aug. 26, 1997) (unpublished opinion). The defendant argued that the use of a slang phrase such as "crack cocaine" could have prejudiced the jury and that the phrase served no useful purpose in the indictment. Id. The Court found that "crack cocaine" appeared several times in the indictment, but only as an explanatory parenthetical for the phrase "cocaine base." It further found that the words "crack cocaine" were manifestly included to clarify a potentially unfamiliar piece of legal terminology and that the clarification was, moreover, substantially correct. Id. (citing United States v. Levy, 904 F.2d 1026, 1033 (6th Cir. 1990) (Congress intended the term "cocaine base" to include

crack cocaine), *cert. denied*, 498 U.S. 1091 (1991)).  The Court held that this language was not prejudicial.

At the March 29 hearing, the defendants argued that the word "crack" could be taken out of the Indictment without harm to the Indictment because if, according to the sentencing guidelines, crack is the same thing as cocaine base, then it's not necessary to describe crack in the Indictment.  The government disagreed, noting that cocaine base can be converted into one of two forms, either a pure form or the crack form.  It further contended that the word "crack" is relevant to distinguish between the two forms and, more importantly, it's the term that is used to describe it on the street.

The Court finds that the term "crack" appears in the Indictment [Doc. 3], but, similar to Carter, only as an explanatory parenthetical for the phrase "cocaine base."  Observing that a motion to strike surplusage should only be granted where it is clear that the language is irrelevant and prejudicial, the Court finds that the defendants have failed to show that the word "crack" is irrelevant or prejudicial.  The Court finds that the word "crack" was included in the Indictment for clarification purposes and thus serves a useful purpose.  Accordingly, the defendants' Motion To Strike Surplusage In The Indictment [**Doc. 60**] is **DENIED**.


### F.  MOTION *IN LIMINE* REGARDING CHAIN OF CUSTOD Y OF EVIDENCE

Defendant Dillard moves [Doc. 77] the Court, pursuant to F.R.E. 901(a), to exclude from evidence the substances allegedly recovered by law enforcement agents because of a failure by the government to maintain chain of custody over these substances.  In support thereof, the defendant avers that there has been no showing by the government demonstrating how the

13

substances, alleged to be cocaine base, traveled from Oak Ridge, Tennessee, where they were seized by law enforcement, to Miami, Florida, nor how these substances came to be in possession of DEA. The Court has permitted [Doc. 78] Defendant Truss to join in this motion.

The government filed no response to the defendant's motion. However, at the March 29 hearing, the government argued that (1) this was an issue for trial, (2) it has the burden at trial to establish a sufficient chain of evidence, and (3) when it seeks to offer an item of evidence at trial, the trial judge would either accept their offering or not. Counsel for Defendant Dillard stated that the defendant's motion was a continuing motion, that it was not a dispositive motion at this time, and that while it may have been premature, he wanted to preserve his client's right to contest the chain of custody at the time the government presented its proof at trial.

To the extent that the defendant challenges the admissibility of specific evidence, the Court finds that the District Court, to whom issues of the admissibility of evidence at trial are entrusted, will be in a better position to make this determination. Accordingly, Defendant Dillard's Motion *In Limine* [**Doc. 77**] is **DENIED**, subject to renewal with the trial judge.

## G.  ADOPT MOTIONS OF CODEFENDANT

Defendant Truss moves [Doc. 78] the Court to allow him to adopt Document 77, filed by co-defendant Dillard, seeking to dismiss for lack of chain of custody. Counsel for Defendant Truss moves to join the motion, in the interest of judicial economy, rather than file an identical motion. The government did not file a response to this motion. It did not, however, object to this motion at the March 29 hearing.

The Court has reviewed this motion, and Defendant Truss's request [**Doc. 78**] to adopt this motion is **GRANTED**.

14

## H. WITHDRAWN MOTIONS

At the March 29 hearing, counsel for Defendant Truss informed the Court that the Motion for Notice by the Government Pursuant to Rule 12(d)(2) [Doc. 66] was identical to Defendant Truss's motion [Doc. 40] which the defendants argued at the February 21 hearing and the Court subsequently denied in its March 10, 2006 Order [Doc. 84]. Accordingly, no argument was requested or made by the defense as to this motion [Doc.66]. The Court also notes that no argument was requested or made by either defendant as to Defendant Crowley's Motion for a Bill of Particulars [Doc. 58], even though the defendants requested [Docs. 69 and 71] and were granted permission [Doc. 84] to adopt this motion. The Court notes that Defendants Dillard and Truss filed individual motions requesting a bill of particulars [Docs. 31 and 44], which the Court denied in its March 10 Order [Doc. 84]. For the above reasons, the Court takes this to be a withdrawal of these motions [Docs. 58 and 66] from the Court's consideration. Thus, the defendants' motions [**Doc. 58 and 66**] are **DENIED as moot**.

## II. CONCLUSION

Accordingly, it is ordered:

(1) Defendant Crowley's Motion To Determine Existence Of Conspiracy [**Doc. 35**] is **DENIED**;

(2) Defendant Crowley's Motion *In Limine* To Bar Improper Prosecutorial Argument [**Doc. 37**] is **DENIED**;

(3) Defendant Crowley's Motion To Exclude Statements Of CoDefendant Robert Truss Made To Law Enforcement From Any Joint Trial, Or, In The Alternative, For Severance [**Doc. 50**] is **DENIED**;

15

(4) Defendant Crowley's Motion For Pretrial Hearing To Determine The Admissibility Of Evidence The Government Intends To Introduce Under F.R.E. 702, 703, And/Or 705 [**Doc. 57**] is **DENIED**;

(5) Defendant Crowley's Motion To Strike Surplusage In The Indictment [**Doc. 60**] is **DENIED**;

(6) Defendant Dillard's Motion *In Limine* [**Doc. 77**] is **DENIED**;

(7) Defendant Truss's Motion To Adopt Pleading of Co-Defendant [**Doc. 78**] is **GRANTED**; and

(8) Defendants motions [**Docs. 58 and 66**] are **DENIED as moot**.


**IT IS SO ORDERED.**

ENTER:


____s/ C. Clifford Shirley, Jr.____
United States Magistrate Judge

16